**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PAUL ZELLNER. et al.,

     Plaintiffs,

       v.

MONROE COUNTY MUNICIPAL WASTE
MANAGEMENT AUTHORITY, et al.,

     Defendants.

NO. 3:07-CV-1976

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants Monroe County Municipal Waste Management Authority ("MCMWMA") and Dean D. W. DeLong, Executive Director of the MCMWMA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 31.)

Count I of the Complaint against Defendants MCMWMA and DeLong for violation of Plaintiffs Paul and Twyla Zellner's Fourteenth Amendment procedural due process rights, brought under 28 U.S.C. § 1983, will be dismissed because Plaintiffs fail to allege a protected liberty or property interest and a deprivation of that interest without due process. Count I will also be dismissed as to any substantive due process claim, as Plaintiffs have failed to allege a violation of any right. Count II of the Complaint against Defendants MCMWMA and DeLong for Section 1985 conspiracy will be dismissed because Plaintiffs fail to allege that they are members of a protected class or discrimination based on membership in such a class. Plaintiffs' Count III for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)

and Count IV for RICO conspiracy pursuant to 18 U.S.C. § 1962(d) will be dismissed, as Plaintiffs have failed to properly allege a RICO cause of action against either Defendant MCMWMA or DeLong.  Plaintiffs' state claims will be dismissed, as the Court no longer retains subject matter jurisdiction.

Plaintiffs' Complaint, arising under the Civil Rights Act, 28 U.S.C. § 1983 and § 1988 and under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), is before this Court pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction").  Because this Court will dismiss all federal law claims against Defendants MCMWMA and DeLong, federal question jurisdiction no longer exists, and supplemental jurisdiction for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 is destroyed.  Therefore, Plaintiffs' Complaint will be dismissed against Defendants MCMWMA and DeLong.

## BACKGROUND

The facts as alleged in Plaintiffs' Complaint are as follows.

### I.      The Parties

Plaintiffs Paul and Twyla Zellner were the sole members of Plaintiff, Nu-Tech Towing and Automatic Repair, LLC ("Nu-Tech Towing").  (Compl. ¶ 6, Doc. 1.)  Nu-Tech Towing is a general partner in Plaintiff, Nu-Tech Associates, L.P.  (*Id.* ¶ 8.)  Plaintiff Zellner Properties, LLC, conducted business under the fictitious name, Mount Cobb RV Sales, a business formerly owned by Plaintiffs Paul and Twyla Zellner.  (*Id.* ¶ 11.)  Plaintiff Zellner Properties, a former RV dealer, was a partner in Plaintiff Mount Cobb Associates, L.P., which owned the land on which Plaintiff Zellner Properties LLC

2

conducted business. (*Id*. ¶¶ 13, 15.)

Defendants are Monroe County Municipal Waste Management Association ("MCMWMA"), Dean D.W. DeLong, Robert L. Monaghan, Jr., Lois Monaghan, Pocono Auto Repair, Nu-Tech Towing and Automotive Repair, Inc. ("Nu-Tech Towing an d Automotive"), Michael Steiert, Anthony Paone, David Warner, Christopher Kleinschmidt, Barry Marshall, and Community Bank and Trust Company.  (*Id*. ¶¶ 16-35.)  The moving Defendants are MCMWMA and Dean D. W. DeLong.

## II.      The Asset Purchase Agreement

On or about September 30, 2005, Plaintiff Nu-Tech Towing entered into an Asset Purchase Agreement as "purchaser" with Defendants Robert and Lois Monaghan, and Defendant Nu-Tech Towing and Automotive as "sellers."  (*Id.*  ¶ 36.)  Pursuant to the Asset Purchase Agreement, Plaintiff Nu-Tech Towing was to purchase certain assets, equipment, customer lists, and records from the Defendant sellers.  (*Id.* ¶ 37.) Defendants Robert and Lois Monaghan made representations and warranties to Plaintiffs regarding the sale of the business and concerning the operation and value of the business.  (*Id*. ¶¶ 39, 40.)  Included in the sale of the business was a non-competition clause, forbidding the Monaghans from operating or affiliating themselves with a towing or auto repair operation within a twenty-five (25) mile radius of the business for five (5) years. (*Id*. ¶¶ 60-62.)

## III.     The Agreement for the Sale of Commercial Real Estate

In conjunction with the Asset Purchase Agreement, Plaintiffs, Paul and Twyla Zellner, entered into an Agreement for the Sale of Commercial Real Estate with Defendants Robert and Lois Monaghan and Defendant Nu-Tech Towing and Automotive

3

for the property located at Route 115 North Blakeslee, the location of Defendant Nu-Tech Towing and Automotive. (*Id*. ¶ 43.) In order to finance the five-hundred and fifty-thousand dollar ($550,000) purchase price, Plaintiff Nu-Tech Associates entered into a mortgage with the Defendant Monaghans for twenty-thousand dollars ($20,000) and into two other mortgages with Defendant Community Bank for three-hundred and sixty-thousand dollars ($360,000) and one-hundred and eighty-thousand dollars ($180,000). (*Id*. ¶ 45.) All mortgages have been satisfied except for the one-hundred and eighty-thousand dollar ($180,000) mortgage, which is the subject of litigation between the Zellners and Defendant Community Bank. (*Id*. ¶ 47.) After purchasing the business, Nu-Tech Associates leased the real estate to Nu-Tech Towing. (*Id*. ¶ 48.)

### IV.   The Due Diligence Agreement and Alleged Inflated Value of the Business

Defendants Monaghans and Nu Tech Towing and Automotive represented that the business comprised auto repair work done for Defendant MCMWMA and made other representations about profits and billing. (*Id*. ¶¶ 49-50.) MCMWMA referred to its recycling program as "the Reach Program" for which Defendant Nu-Tech Towing and Automotive serviced its trucks. (*Id*. ¶¶ 51-52.) After the Plaintiff Zellners bought the business they learned that these representations were not true; Plaintiffs had previously contracted with Defendant Community Bank to conduct due diligence on their behalf, but Defendant Community Bank failed to discover and/or reveal the true value of the business. (*Id*. ¶¶ 57-58.)

### V.   The Lease/Purchase of Equipment and Hiring of Additional Staff

Defendant MCMWMA assured Plaintiffs that it would use Plaintiffs' services and

4

entered into a verbal agreement insisting that Plaintiffs hire more workers and equipment. (*Id*. ¶¶ 65-67.)  Plaintiffs hired four (4) mechanics and purchased thirty-six thousand dollars ($36,000) worth of equipment.  (*Id*. ¶¶ 68-69.)  Plaintiffs later leased and purchased other equipment for approximately eighteen-thousand dollars ($18,000).  (*Id*. ¶¶ 70, 73.)

> **VI.     The Alleged Frauds Perpetrated Against Plaintiffs and the Alleged Improper Termination of Nu-Tech Towing as a Service Provider for MCMWMA**

In 2005, MCMWMA ordered two (2) trucks for its recycling program, and one of the jobs Plaintiff Nu-Tech Towing was to perform was a refurbishment of one of the trucks.  (*Id*. ¶¶ 74,75.)  Defendant Monaghans estimated the refurbishment at fifty-thousand dollars ($50,000), a business deal which Plaintiffs intended to honor upon the purchase of the business.  (*Id*. ¶ 76.)  Defendant DeLong drove the truck to Plaintiffs' shop and told them that the Defendant Monaghans would be supervising the work.  (*Id*. ¶¶ 79, 81.)  Plaintiffs had difficulty refurbishing the vehicle because, as they later found out, MCMWMA sent them the wrong truck, which Defendants MCMWMA, DeLong, and the Monaghans were aware of since the beginning of their dealings.  (*Id*. ¶¶ 86, 87.)  Defendants also sent an incorrect truck to Haul-All, a Canadian Company, for refurbishment, and upon learning of the mistake, Haul-All increased the cost to seventy-three thousand dollars ($73,000) and was paid this amount.  (*Id*. ¶ 88.)  Plaintiffs increased their price charged to this amount as well.  (*Id*. ¶ 90.)  However, Defendant MCMWMA refused to pay Plaintiffs  the extra twenty-three thousand dollars ($23,000) they sought. (*Id*. ¶ 91.)  Plaintiffs, after learning that Defendants MCMWMA and DeLong knowingly supplied them with the wrong truck, called a meeting to discuss the matter,

after which Defendants MCMWMA and DeLong improperly terminated Plaintiff Nu-Tech Towing as their service provider.  (*Id*. ¶¶ 96-97.)

### VII.   The Alleged Improper Luring Away of Plaintiff Nu-Tech Towing's Employees

Defendants David Warner and Barry Marshall, formerly employees of Defendant Nu-Tech Towing and Automotive, became employees of Plaintiff Nu-Tech Towing.  (*Id*. ¶ 99.)  While on the clock for Plaintiff Nu-Tech Towing, Defendants Warner and Marshall spent time at the home of the Defendant Monaghans, at the urging and permission of the Monaghans and Defendant DeLong.  (*Id*. ¶ 100.)  Defendant Robert Monaghan, acting with permission of Defendants MCMWMA and DeLong, tried to sabotage Plaintiffs' business by knowingly inviting Warner and Marshall to his home while they were on the clock.  (*Id*. ¶¶ 101-02.)  Defendant Robert Monaghan, also with the authority of Defendants MCMWMA and DeLong, solicited Defendants Warner and Marshall to leave Plaintiff Nu-Tech Towing.  (*Id*. ¶ 103.)

### VIII.   The Alleged Improper Formation fo a Competitive Business

Plaintiff Nu-Tech Towing and Defendants Monaghans entered into a non-competition agreement forbidding the Monaghans from operating or being affiliated with a towing and automotive repair company for five (5) years and within a twenty-five (25) mile radius from the business which they sold to Plaintiffs.  (*Id*. ¶¶ 61-62.)  The Monaghans could also not interfere with the business relationships and employment relationships of Plaintiff Nu-Tech Towing.  (*Id*. ¶¶ 63-64.)  In breach of the non-competition agreement, the Defendant Monaghans formed a new business, Defendant Pocono Auto Repair, in the name of their son, Kyle Monaghan, an active duty military officer.  (*Id*. ¶ 104.)  This

business was within the restricted geographic area and did work for Defendants

MCMWMA and DeLong, and solicited James Booterbough to fraudulently bill work

through the business.  (*Id*. ¶¶ 105-06.)  After MCMWMA stopped doing business with Nu-

Tech Towing the Plaintiff Zellners were forced to sell the business at a loss.  (*Id*. ¶ 107.)

### IX.     The Alleged Theft of Equipment

Prior to selling their business, the Plaintiff Zellners noticed equipment was stolen

from the premises and believe and aver that Defendants Michael Steiert, Anthony Paone,

David Warner, and Christopher Kleinschmidt, acting either individually or in concert, stole

the equipment.  (*Id*. ¶¶ 108-09.)

### X.     The Other Alleged Frauds Perpetrated Against Plaintiff Nu-Tech Towing LLC

Defendant Paone accepted money for work he did not perform and failed to turn

money over to the Plaintiffs, forcing Plaintiffs to refund money.  (*Id*. ¶¶ 111-12.)

Defendant David Warner submitted a false claim for workers compensation.  (*Id*. ¶ 113.)

### XI.     The Forbearance Agreement

As a result of the aforementioned acts, Plaintiffs could not pay their mortgage and

Defendant Community Bank commenced a mortgage foreclosure against them.  (*Id*. ¶

114.)  On or about May 24, 2007, Plaintiffs and Defendant Community Bank entered into

a forbearance agreement.  (*Id*. ¶ 115.)  Plaintiffs have been financially devastated, with

numerous suits and threats of suit from vendors and clients, and as a result believe and

aver that Defendants devised and implemented plans and schemed to take business

from, defraud, harm, and violate the rights of Plaintiffs.  (*Id*. ¶¶ 116-17.)

**XII.    The Civil Action**

Plaintiffs filed their Complaint on October 29, 2007.  (Compl. Doc. 1.)  Plaintiffs

allege a myriad of claims against the various Defendants, including a Fourteenth

Amendment Due Process claim pursuant to Section 1983, conspiracy pursuant to

Section 1985, RICO pursuant to 18 U.S.C. § 1962(c), RICO conspiracy pursuant to 18

U.S.C. § 1962(d), several breach of contract claims, breach of the duty of good faith and

fair dealing, tortious interference with business relations, intentional misrepresentation,

conversion, and conspiracy.  (Doc. 1.)

Defendants Monroe County Municipal Waste Management Authority

("MCMWMA") and Dean D. W. DeLong, Executive Director of the MCMWMA, filed the

present Motion to Dismiss on January 31, 2008.  (Doc. 31.)  The motion is fully briefed

and ripe for disposition.


**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be

granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the

complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible

on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167

L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable

expectation that discovery will reveal evidence of" each necessary element.  *Phillips v.

County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1

F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each

element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.      Count I - 42 U.S.C. § 1983**

Pursuant to 42 U.S.C. § 1983, every person who, under color of state law, subjects

any citizen of the United States to the deprivation of any federal right shall be liable to the

party injured.  Count I of Plaintiffs' Complaint brings a claim under Section 1983 for a

violation of Plaintiffs Paul and Twyla Zellners' Fourteenth Amendment due process rights

against moving Defendants MCWMA and DeLong.  (Compl. ¶ 124, Doc. 1.)  To establish

a Section 1983 claim for violation of procedural due process, a plaintiff must allege:

> (1) that he was deprived of a protected liberty or property
> interest; (2) that this deprivation was without due process; (3)
> that the defendant subjected the plaintiff, or caused the plaintiff
> to be subjected, to this deprivation of due process; (4) that the
> defendant was acting under color of state law; and (5) that the
> plaintiff suffered injury as a result. . .

*Rogers v. Mount Union Borough by Zook*, 816 F. Supp. 308, 312 (M.D. Pa. 1993)

(Caldwell, J.) (quoting *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989)).

Moving Defendants argue that the Plaintiffs have failed to sufficiently plead a cause

of action under § 1983.  In Count I, Plaintiffs allege that Defendant DeLong had a duty to

preclude, prevent, or restrain MCMWMA's employees from violating the constitutional

rights of Plaintiffs, specifically their due process rights.  (*Id.* ¶¶ 123-24.)  The Complaint

further alleges that it was his duty to adopt and maintain proper policies and procedures to

prevent the violation of constitutional rights.  (*Id.* ¶ 123.)  The Complaint also alleges that

Defendant DeLong had final authority over these matters and other matters pertaining to

the hiring, screening, supervision, and discipline of employees, agents, servants and/or

assigns of the MCMWMA.  (*Id.*)  However, these statements do not sufficiently allege a

deprivation of a protected liberty or property interest.

Plaintiffs' Complaint alleges in the background facts that Defendants DeLong and MCMWMA unjustly terminated Plaintiff Nu-Tech Towing as a service provider and breached a verbal contract with it.  (*Id*. ¶¶ 67, 98.)  Plaintiffs allege that as a result of Defendants MCMWMA and DeLong terminating their business, Plaintiffs Paul and Twyla Zellner were forced to sell their business at a loss and to their substantial detriment.  (*Id*. ¶107.)  While Plaintiffs allege a myriad of bad acts by Defendants and injuries to Plaintiffs, some of which could be construed as implicating a protected interest, they fail to allege that there was a deprivation of a protected liberty or property interest which amounted to a deprivation of due process.

In order to survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . .  claim is and the grounds upon which it rests."  *Erickson v. Pardus*, ---- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  By not specifically alleging a protected property or liberty interest which was violated or a deprivation of a protected interest without due process, Plaintiffs fail to give Defendants MCMWA and DeLong notice as to the grounds on which their Section 1983 claim rests.

Plaintiffs also attempt to bring a Fourteenth Amendment substantive due process claim in Count I.  Plaintiffs allege that "Defendants' actions were so outrageous that they shock the contemporary conscience."  (Compl. ¶ 126, Doc. 1.)  Although Plaintiffs' Complaint includes language of the substantive due process standard, Plaintiffs do not allege any right that would lead the Court to the appropriate standard of review.  *See Sammon v. New Jersey Bd. of Med. Exam'rs*, 66 F.3d 639, 643-44 (3d Cir. 1995).  "Substantive due process protects those individual rights 'which are so rooted in the

11

traditions and conscience of our people as to be ranked as fundamental.'" *Seale v. Ridge*,

Civ. A. No. 96-5522, 1998 WL 792165, at *2 (E.D. Pa. Nov. 13, 1998) (quoting *Rochin v.*

*California*, 342 U.S. 165, 169 (1952)).  Plaintiffs have failed to allege the violation of any

fundamental right, indeed, of any right at all.  Plaintiffs have failed to properly allege a

Fourteenth Amendment substantive due process claim in Count I.

Therefore, Count I of Plaintiffs' Complaint against Defendants MCMWMA and

DeLong will be dismissed.

**II.     Count II - 42 U.S.C. § 1985**

In Count II, Plaintiffs Paul and Twyla Zellner allege that Defendants MCMWMA

and DeLong conspired to deprive the Plaintiffs of their due process rights under the

Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1985.

(Compl. ¶¶ 127-28, Doc. 1.) Section 1985(3) provides, in part:

> If two or more persons in any State or Territory conspire . . .,
> for the purpose of depriving, either directly or indirectly, any
> person or class of persons of the equal protection of the laws,
> or of equal privileges and immunities under the laws . . .; in
> any case of conspiracy set forth in this section, if one or more
> persons engaged therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy, whereby another
> is injured in his person or property, or deprived of having and
> exercising any right or privilege of a citizen of the United
> States, the party so injured or deprived may have an action for
> the recovery of damages occasioned by such injury or
> deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  The Third Circuit Court of Appeals has held that for a plaintiff to

properly allege a violation of Section 1985(3), a plaintiff must plead the following

elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus

designed to deprive, directly or indirectly, any person or class of persons of the equal

protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

Count II of Plaintiffs' Complaint alleges only that "Defendants conspired together to deprive Plaintiffs of Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution." (Compl. ¶ 128, Doc. 1.) Nowhere in Plaintiffs' Complaint is it alleged that Plaintiffs were members of a protected class or were discriminated against. Therefore, Plaintiffs fail to state a valid claim under Section 1985, and Count II of Plaintiffs' Complaint against Defendants MCMWMA and DeLong will be dismissed.

### III.    Count III - 18 U.S.C. § 1962(c) RICO

In Count III, Plaintiffs allege violations of RICO, 18 U.S.C. § 1962(c). Section 1962(c) provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

To make a claim pursuant to this provision, Plaintiffs must plead four (4) elements: (1) the existence of an enterprise affecting interstate commerce; (2) that Defendants were employed by or associated with the enterprise; (3) that the Defendants participated, directly or indirectly, in the conduct or affairs of the enterprise; and (4) that the Defendants participated through a pattern of racketeering activity that must include the allegation of at least two (2) racketeering acts. *Hollis-Arrington v. PHH Mortg. Corp.,* 205 Fed. App'x 48, 53 (3d Cir. 2006) (non-precedential) (citing *Annulli v. Panikkar*, 200 F.3d 189, 198 (3d Cir. 1999)); *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1165 (3d

13

Cir. 1989) (citing *R.A.G.S. Couture, Inc. v. Hyatt*, 774 F.2d 1350, 1352 (5th Cir. 1985)),

*abrogated on other grounds in Beck v. Prupis*, 529 U.S. 494 (2000); *see also Sedima,*

*S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)), *abrogated on other grounds in Beck v.*

*Prupis*, 529 U.S. 494 (2000).

    A.    RICO Enterprise Affecting Interstate Commerce

_____An essential requirement of RICO is the existence of an enterprise.  *See, e.g.*, 18

U.S.C. § 1962(b) and (c).  An enterprise "includes any individual, partnership,

corporation, association, or other legal entity, and any union or group of individuals

associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

    Plaintiffs allege the "Defendants, Dean DeLong and Robert Monaghan, conducted

the affairs of the enterprise, MCMWMA."  (Compl. ¶ 131, Doc. 1.)  MCMWMA is also

named as a Defendant in this Count.  Defendants argue that MCMWMA is not a proper

Defendant under Count III, because MCMWMA cannot be both a party to the enterprise

and the enterprise itself.

    Section 1962(c) requires that a RICO defendant, or person, be separate and

distinct from the alleged enterprise.  *Kehr Packages, Inc. v. Fidelcor*, *Inc.*, 926 F.2d 1406,

1411 (3d Cir. 1991).  A "person" under RICO is "any individual or entity capable of holding

a legal or beneficial interest in property."  18 U.S.C. § 1961(3).  As stated above, a RICO

"enterprise" includes "any individual, corporation, association, or other legal entity, and

any union or group of individuals associated in fact although not a legal entity."  18 U.S.C.

§ 1961(4).  "If the members of the enterprise are the same as the persons, [§ 1962(c)'s]

distinctness requirement has not been met, as the 'person' and the 'enterprise' must not

be identical.'" *Kolar v. Preferred Real Estate Inv., Inc.*, Civ. A. No. 07-3864, 2008 WL

2552860, at *4 (E.D. Pa. June 19, 2008).  In *Kolar*, the District Court for the Eastern District of Pennsylvania found that "[w]hile Plaintiff properly alleges that each Defendant is a RICO person and the Defendants form an enterprise, or a de facto association engaged in a common pursuit, Plaintiff has failed to meet § 1962(c)'s distinctiveness requirement because Plaintiff's RICO persons and alleged RICO enterprise are one and the same." *Id.* (citations omitted).  The same issue arises in this case.  Plaintiff alleges that MCMWMA is both a RICO defendant, or a "person," and the "enterprise."  Such a pleading fails the distinctiveness element.  Therefore, MCMWMA will be dismissed as a Defendant in Count III.

> **B.**      **Pattern of Racketeering Activity**

Defendants further argue that Plaintiffs fail to allege acts of interstate commerce. For purposes of the racketeering activities Plaintiffs allege wire and mail fraud.  Plaintiffs allege that the wire fraud occurred via email and telephone conversations between Defendant DeLong and Plaintiff Zellner and among the various Defendants.

The wire fraud statute, 18 U.S.C. § 1343, "criminalizes a scheme to defraud that is transmitted by wire 'in interstate or foreign commerce'; thus, a complaint must allege *interstate* use of the wire for each predicate act."  *Stanley v. Int'l Bhd. of Elec. Workers, AFL-CIO CLC*, 207 Fed. App'x 185, 189 (3d Cir. 2006) (non-precedential) (emphasis in original) (citing *Smith v. Ayre*, 845 F.2d 1360, 1366 (5th Cir. 1988)).  The Third Circuit Court of Appeals held that the District Court properly dismissed the plaintiff's civil RICO claim when the plaintiff failed to plead that the wire fraud occurred in interstate or foreign commerce.  In this case, Plaintiffs have failed to allege that any of the wire frauds occurred in interstate or foreign commerce.  As these wire frauds were not properly

15

plead, the Court will not consider them as "predicate acts."

Defendants further argue that the acts of "fraud" and "theft" set forth in paragraph 132 of the Complaint are not included as racketeering activity pursuant to 18 U.S.C. § 1961(1).  The Court agrees.  RICO lists specific acts, such as "mail fraud" and "wire fraud" as predicate acts.  General fraud and theft are not listed.  Therefore, the general allegations of fraud and theft will be dismissed as potential predicate acts.

The two (2) remaining predicate acts plead by the Plaintiffs involve mail fraud, codified at 18 U.S.C. § 1341.  "Where acts of mail and wire fraud constitute the alleged predicate racketeering acts, those acts are subject to the heightened pleading requirement of Rule 9(b)."  *Warden v. McLelland*, 288 F.3d 105 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 657-58 (3d Cir.1998)).  Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  The plaintiff must "plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  *Lum v. Bank of America*, 351 F.3d 217 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984)). This standard may be satisfied by pleading the "date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  *Id*. (quoting *Seville*, 742 F.2d at 791).  A RICO plaintiff must also "allege who made a misrepresentation to whom and the general content of the misrepresentation."  *Id*. (citations omitted).

16

Plaintiffs argue in their opposition brief that Defendants do not argue that their mail fraud allegations are not plead with particularity.  However, Defendants do argue that there have been no accusations of specific actions by the moving Defendants in the count alleging RICO violations.  With respect to mail fraud, the Complaint states that "Defendants, MCMWMA and Dean DeLong paid these bills in violations of  the terms of its funding . . . committing acts of mail and wire fraud and theft."  (Compl. ¶ 132(a), Doc. 1.)  The second allegation of mail fraud states "[i]n furtherance of the frauds described herein, Defendants emailed and sent mail to one another, and placed telephone calls to one another concerning these matters."  (*Id.* ¶ 132(j).)

The second allegation of mail fraud does not specifically name either moving Defendant.  The Court agrees that this second allegation of mail fraud fails to name Defendant DeLong, or any particular Defendant.  Such a failure to include a specific action by the Defendants DeLong and MCMWMA fails under Federal Rule of Civil Procedure 9(b).  Therefore, these allegations of mail fraud are not properly plead, as the Plaintiffs have failed to plead with particularity which Defendants acted in sending mail to one another.

The remaining allegation of mail fraud is that Defendants MCMWMA and DeLong acted fraudulently in paying bills.  (Compl. ¶ 132(a), Doc. 1.)  However, this single allegation of mail fraud does not satisfy the requirement that Plaintiffs plead two (2) predicate acts.  Plaintiffs do not allege that the Defendants fraudulently mailed bills more than once.  Therefore, Count III against Defendant DeLong will also be dismissed, as the Plaintiffs have failed to plead two (2) predicate acts in a pattern of racketeering activity.

Count III will be dismissed against Defendant MCMWMA because MCMWMA

cannot be both a RICO person and an enterprise.  Count III will also be dismissed as to Defendant DeLong, as Plaintiffs have failed to sufficiently plead a pattern of racketeering through two (2) predicate acts.

### IV.   Count IV - 18 U.S.C. § 1962(d) RICO

Count IV of Plaintiffs' Complaint alleges that Defendants conspired to violate RICO, in violation of 18 U.S.C. §1962(d).  Section 1962(d) provides, "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  The Third Circuit Court of Appeals in *Shearin* set forth the pleading requirements for a RICO conspiracy civil cause of action.  *Shearin*, 885 F.2d at 1166-67. To properly plead such a conspiracy, the "plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  *Id.* at 1166.  "Additional elements include agreement to commit predicate acts and knowledge that the acts were part of a pattern of racketeering activity."  *Id.* at 1166-67 (citing *Odesser v. Continental Bank*, 676 F. Supp. 1305, 1312-13 (E.D. Pa. 1987)).

As stated in *Lum*, 361 F.3d at 227 n.5, "'[a]ny claim under section 1962(d) based on conspiracy to violate other subsections of 1962 necessarily must fail if the substantive claims are themselves deficient.'"  *Id.* (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1192 (3d Cir. 1993)).  In this case, Plaintiffs have alleged that moving Defendants violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c).  As stated above, Plaintiffs have failed to allege a violation of 18 U.S.C. § 1962(c) against these Defendants.  Therefore, the claim in Count IV for conspiracy to violate that section must fail, and Count IV will be dismissed against Defendants MCMWMA and DeLong.

18

**V.     State Law Claims**

Plaintiffs' Complaint brings four (4) claims for violation of federal law and twelve (12) claims for violation of Pennsylvania state law.  (Compl. Doc. 1.)  Counts I through IV claims for violation of federal law, will be dismissed against Defendants MCMWMA and DeLong, eliminating federal question jurisdiction.  Therefore, this Court no longer has supplemental jurisdiction over Plaintiffs' state law claims against Defendants MCMWMA and DeLong. Accordingly, these claims will be dismissed against Defendants MCMWMA and DeLong.

## CONCLUSION

For the reasons stated above, Counts I through IV of Plaintiffs' Complaint, Plaintiffs' federal law counts, will be dismissed against Defendants MCMWMA and DeLong.  Therefore, due to this Court's lack of subject matter jurisdiction, Plaintiffs' state law claims against Defendants MCMWMA and DeLong will also be dismissed.

An appropriate Order will follow.


July 28, 2008_____                 /s/ A. Richard Caputo_____
Date                                   A. Richard Caputo
                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PAUL ZELLNER, et al,

      Plaintiffs,

          v.

MONROE COUNTY MUNICIPAL WASTE
MANAGEMENT AUTHORITY, et al,

      Defendants.

NO. 3:07-CV-1976

(JUDGE CAPUTO)

## <u>ORDER</u>

    NOW, this 28th  day of July 2008, **IT IS HEREBY ORDERED THAT** Defendants Monroe County Municipal Waste Management Authority and Dean D.W. DeLong's Motion to Dismiss (Doc. 31) is **GRANTED** and Plaintiffs' Complaint (Doc. 1) is **DISMISSED** as to Defendants Monroe County Municipal Waste Management Authority and Dean D.W. DeLong.

                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge